UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD A. GREEN,

        Plaintiff,

vs.                                        Case No. 3:12-cv-134-J-99TJC-MCR

STATE OF FLORIDA, et. al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's pro se Amended Complaint (Doc. 15) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, and Plaintiff's Amended Affidavit of Indigency (Doc. 9). On February 14, 2012, the Court entered an Order taking Plaintiff's Motion to Proceed In Forma Pauperis under advisement, directing Plaintiff to provide additional financial information, and instructing Plaintiff to file an Amended Complaint. See Order (Doc. 7). Plaintiff filed an amended Affidavit of Indigency (Doc. 9) on February 28, 2012. After two extensions of time, see Orders (Docs. 10, 14), Plaintiff filed the Amended Complaint on April 9, 2012. See Amended Complaint (Doc. 15).

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. §

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

-1-

1915(a)(1).  However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). An in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327.  In reviewing the Complaint, the undersigned applies "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute for establishing a cause of action.  See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (eliminating the application of the heightened pleading requirement for cases involving defendants who may assert a qualified immunity defense).

Additionally, Section 1915(e)(2)(B)(ii) requires the Court to dismiss an in forma pauperis action if the Court determines that it fails to state a claim on which relief may be granted.  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal for failure to state a claim is appropriate

if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 12(b)(6) dismissal). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

Here, Plaintiff's Amended Complaint sets forth a ten-page narrative challenging his convictions in Florida state court. See generally Amended Complaint. Specifically, it appears Plaintiff was convicted of attempted rape, failure to register as a sex offender, and uttering a forged instrument. See id. Plaintiff asserts that he is innocent of these charges, that he was deprived of due process of law and wrongfully imprisoned, and that his prosecution and conviction constitutes fraud, malicious prosecution, a "hate crime," and reveals a conspiracy against him.[2] See Amended Complaint at 6, 8-9. Although it is difficult to discern Plaintiff's causes of action, to the extent Plaintiff attempts to assert claims for violations of his constitutional rights in the criminal proceedings related to these convictions, such claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held that

---

[2] Plaintiff cites 18 U.S.C. § 241 as the basis for his conspiracy claims. However, 18 U.S.C. § 241 is a criminal provision and provides no basis for civil liability. See 18 U.S.C. § 241; Hundley v. Daniels, No. Civ.A 205CV502DWO, 2005 WL 1389878, at *1 (M.D. Ala. June 10, 2005). Therefore, to the extent Plaintiff attempts to assert claims under this provision, those claims are subject to dismissal as frivolous. See Hall v. Arias, No. 1:12-CV-79-TMH, 2012 WL 1319488, at *1-2 (M.D. Ala. Mar. 20, 2012). Nonetheless, the Court will consider whether Plaintiff can seek relief for the alleged constitutional violations under 42 U.S.C. § 1983. To state a claim under § 1983 a complainant "must allege that (1) the complainant was deprived of a federal right (protected by either the Constitution or federal statute) by (2) a person acting under color of state law." Walker v. Florida Parole Comm'n., 299 F. App'x 900, 901 (11th Cir. 2008).

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (internal footnotes omitted). In support of his claims, Plaintiff alleges that the charges against him were improperly investigated, that there was no evidence to convict him, that he is innocent of the crimes, and that he was deprived of due process of law. As such, "establishing the basis for the damages claim" would necessarily demonstrate "the invalidity of the conviction[s]." Heck, 512 U.S. at 481-82. As Plaintiff has not demonstrated that the convictions have been invalidated, he can not proceed on his claims under § 1983. Id.; see also Trupei v. United States, 304 F. App'x 776, 784-85 (11th Cir. 2008) (finding that plaintiff's claims "essentially sought to invalidate his conviction and sentence, and, as such, they are barred under Heck"); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (affirming dismissal of plaintiff's claim that he "was the victim of an unconstitutional conspiracy to convict him"); Whittaker v. DeKalb Cnty. Jail, No. CIVA 1:06CV2381 MHS, 2006 WL 3086812, at *2 (N.D. Ga. Oct. 26, 2006). For the same reason, Plaintiff can not assert a claim for malicious prosecution. See Heck, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").[3]

---

[3] In addition, the Court notes that to the extent Plaintiff seeks to assert a claim for damages against the attorneys that prosecuted him, those individuals are likely immune from liability. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983."); see also Allen v. Fla., No. 10-13191, 2012 WL 602718, at *1 (11th Cir. Feb. 23, 2012).

Finally, the Court notes that the Amended Complaint includes an allegation that "the State kept me in jail denying me medical treatment and was even denied to see a doctor [sic]. This act of deliberate indifference to my medical health care needs violates the law." See Amended Complaint at 5. Although unclear, it appears Plaintiff may also be attempting to assert an action under § 1983 for a violation of his Eighth or Fourteenth Amendment rights through deliberate indifference to a serious medical need.[4] To state a claim for inadequate medical care, "a plaintiff must demonstrate 'an objectively serious medical need, one that, if left unattended, poses a substantial risk of serious harm,'" and that "the response 'was poor enough to constitute an unnecessary and wanton infliction of pain.'" See Evans v. St. Lucie Cnty. Jail, 448 F. App'x 971, 974 (11th Cir. 2011) (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)). Plaintiff's Amended Complaint is completely devoid of any factual development related to this claim of deliberate indifference. Although Plaintiff asserts that he was denied medical treatment and was not permitted to see a doctor, Plaintiff does not include any allegations to suggest that the level of care exercised by those in charge of processing medical requests "was worse than 'accidental inadequacy, negligence . . . or even medical malpractice actionable under state law.'" See Evans, 448 F. App'x at 976 (quoting Taylor, 221 F.3d at 1258). Indeed, the Amended Complaint does not contain any allegations that Plaintiff informed any one at the

---

[4] Because the allegations do not reveal whether Plaintiff was a pre-trial detainee or a prisoner at the time of this alleged deliberate indifference, it is unclear whether Plaintiff's deliberate indifference claim arises under the Eighth or Fourteenth Amendment. See McDaniels v. Lee, 405 F. App'x 456, 458 (11th Cir. 2010) ("Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment[] . . . .") Regardless, "pretrial detainees are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably." See McDaniels, 405 F. App'x at 458.

jail of his need for medical treatment. See Amended Complaint at 4-5. Moreover, the Amended Complaint does not reveal the individual or entity that was allegedly deliberately indifferent to Plaintiff's medical needs. See id. As such, the undersigned finds that Plaintiff's mere conclusory allegation of deliberate indifference is insufficient to set forth a claim under § 1983 for deliberate indifference to medical needs. See Iqbal, 556 U.S. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In light of the foregoing, after thorough review of the Amended Complaint, the undersigned concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and is largely frivolous. Accordingly, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to proceed In Forma Pauperis (Doc. 2) be **DENIED** and the Amended Complaint (Doc. 15) be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this 25th day of April, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff
The Honorable Timothy J. Corrigan,
United States District Judge