UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD A. GREEN,

        Plaintiff,

vs.                                          Case No.  3:12-cv-134-J-32MCR

STATE OF FLORIDA, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte.* For the reasons stated below, the undersigned recommends that Plaintiff's case be dismissed for failure to comply with Court orders and to prosecute the case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10, Middle District of Florida.

**I.    BACKGROUND**

On February 7, 2012, Plaintiff filed a *pro se* Complaint (Doc. 15) and Affidavit of Indigency (Doc. 2), which the Court construed as a Motion to Proceed *In Forma Pauperis* (Doc. 9). On February 14, 2012, the undersigned entered an Order taking Plaintiff's Motion under advisement and instructing him to file an Amended Complaint. (Doc. 7). After two extensions of time (Docs. 10, 14), Plaintiff filed an Amended

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Complaint on April 9, 2012.  (Doc. 15).  On April 25, 2012, the undersigned entered a Report and Recommendation recommending Plaintiff's Motion be denied and the case be dismissed without prejudice to paying the filing fee.  (Doc. 16).  The undersigned's recommendation was adopted by the Honorable Timothy J. Corrigan, United States District Judge, on July 9, 2012.  (Doc. 17).

Plaintiff filed a Second Amended Complaint and paid the filing fee on August 21, 2012.  (Doc. 21).  On October 1, 2012, Plaintiff filed a Third Amended Complaint (Doc. 26) and on October 31, 2012, Judge Corrigan directed the Clerk to reopen the file (Doc. 27).  On November 6, 2012, the undersigned entered an Order informing Plaintiff of some of the procedural rules of this Court and directing the Clerk to furnish Plaintiff with a Step by Step Guide to Filing a Civil Action in the United States District Court Jacksonville Division.  (Doc. 28).

On January 3, 2013, the undersigned entered an Order providing Plaintiff with specific detail regarding service of process pursuant to Federal Rule of Civil Procedure 4 and directing him to file certification reflecting proper, completed service upon each defendant no later than March 4, 2013.  In addition, the Clerk was directed to furnish Plaintiff with another Step by Step Guide to Filing a Civil Action.  (Doc. 35).

On March 4, 2013, the Court denied allowed Plaintiff an extension until March 25, 2013 to conduct proper service.  (Docs. 41, 42, 43, 44).  On March 12, 2013, Plaintiff filed a Notice of Sending Certified Copies (Doc. 46) and was advised by the Court that the filed notice does not constitute notification of proper, completed service upon each defendant (Doc. 47).

On March 15, 2013, Plaintiff filed thirty-one (31) "Proof of Service" forms. These forms were not completed but were signed by an unknown person named Priscilla F. Smith. In addition, several of the forms contained a certified mail receipt. See (Docs. 48-79). On March 20, 2013, the undersigned advised Plaintiff that the forms filed do not constitute notification of proper service upon each defendant. Plaintiff was directed to advise the Court of what attempt, if any, was made to serve defendants no later than April 3, 2013. (Doc. 82). Although Plaintiff filed a response to this Court's Order asserting that all parties have been properly served (Doc. 89), the Court could not confirm this statement due to the incomplete returns filed. The Court allowed Plaintiff one final attempt to properly serve Defendants no later than April 18, 2013. (Doc. 90).

On April 15, 2013, Plaintiff filed a response asserting all defendants were properly served and that the filed returns were complete. (Doc. 91). This is clearly not the case and, for the following reasons, the Court sees it would be a waste of judicial time and resources to continue to go back and forth on this issue.

## II.   ANALYSIS

Federal Rule of Civil Procedure 16(f) provides that the Court may on motion or on its own "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v) authorizes the Court to dismiss the action or proceeding in whole or in part. In addition, Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action where the plaintiff "fails to prosecute or to comply with these rules or a court order."

Here, Plaintiff failed to comply with various Court Orders directing proper service.[2] See (Docs. 28, 35, 47, 82, 90). The Court finds that Plaintiff's conduct constitutes a pattern of delay and less drastic sanctions would not ensure compliance with the court's orders. See Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). It would be a waste of judicial resources to continue with this case.

In addition, Plaintiff's claims appear to be barred. Plaintiff's Third Amended Complaint sets forth a seven page narrative challenging his convictions in Florida state court. See (Doc. 26). Specifically, it appears Plaintiff was convicted of attempted rape, failure to register as a sex offender, and uttering a forged instrument. Plaintiff asserts that he is innocent of these charges, that he was deprived of due process of law and wrongfully imprisoned, and that his prosecution and conviction constitutes fraud, malicious prosecution, a "hate crime," and reveals a conspiracy against him. Although it is difficult to discern Plaintiff's causes of action, to the extent Plaintiff attempts to assert claims for violations of his constitutional rights in the criminal proceedings related to these convictions, such claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

[2] The Court warned Plaintiff several times that failure to comply with the directives of the Court's Orders may result in a dismissal of his case pursuant to Local Rule 3.10(a) for failure to prosecute.

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (internal footnotes omitted). In support of his claims, Plaintiff alleges that the charges against him were improperly investigated, that there was no evidence to convict him, that he is innocent of the crimes, and that he was deprived of due process of law. As such, "establishing the basis for the damages claim" would necessarily demonstrate "the invalidity of the conviction[s]." Heck, 512 U.S. at 481-82. As Plaintiff has not demonstrated that the convictions have been invalidated, he can not proceed on his claims under § 1983. Id.; see also Trupei v. United States, 304 F. App'x 776, 784-85 (11th Cir. 2008) (finding that plaintiff's claims "essentially sought to invalidate his conviction and sentence, and, as such, they are barred under Heck"); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (affirming dismissal of plaintiff's claim that he "was the victim of an unconstitutional conspiracy to convict him"); Whittaker v. DeKalb Cnty. Jail, 2006 WL 3086812, at *2 (N.D. Ga. Oct. 26, 2006). For the same reason, Plaintiff can not assert a claim for malicious prosecution. See Heck, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").[3]

---

[3] In addition, the Court notes that to the extent Plaintiff seeks to assert a claim for damages against the attorneys that prosecuted him, those individuals are likely immune from liability. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983."); see also Allen v. Fla., 2012 WL 602718, at *1 (11th Cir. Feb. 23, 2012).

For these reasons, the Court should dismiss this action *without* prejudice pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10.[4]  Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

1.    Plaintiff's case be **DISMISSED without prejudice** for failure to comply with Court orders and to prosecute the case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10; and

2.    The Clerk of Court be **DIRECTED** to close the file.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  8th  day of May, 2013.

                                                                                    /s/ Monte C. Richardson
                                                                                    MONTE C. RICHARDSON
                                                                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff
Counsel of Record

---

[4] "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (citations omitted); see also State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("while the district court has broad powers under the Federal Rules of Civil Procedure to impose sanctions for a party's failure to abide by court orders, dismissal of an action with prejudice is a sanction of last resort, applicable only in extreme circumstances").  Dismissal with prejudice is proper only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).  Violations "caused by simple negligence, misunderstanding, or inability to comply" do not constitute "willfulness." In re Se. Banking Corp., 204 F.3d 1322, 1332 (11th Cir. 2000).