**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

REGINALD GREEN,

        Plaintiff,

vs.                                               Case No. 3:12-cv-134-J-32MCR

STATE OF FLORIDA, et al.,

        Defendants.

## ORDER

In this case, pro se plaintiff brings claims against 44 different defendants (many of whom are public officials or institutions) related to an earlier state court criminal proceeding. After plaintiff's application to proceed in forma pauperis was denied on the grounds that his various claims either failed to state a cause of action or were frivolous, he elected to pay the filing fee to continue the prosecution of this case. Thereafter, despite numerous directions from the Court, plaintiff has not properly served process on any of the defendants. Thus, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 95), recommending that plaintiff's complaint be dismissed for failure to comply with Court Orders and to prosecute the case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10, Middle District of Florida. Plaintiff filed a Motion for Reconsideration (Doc. 96), which the Court will construe as objections to the Report and Recommendation.

Upon independent review of the file, and for the reasons stated in the Report and Recommendation issued by the Magistrate Judge (Doc. 95), the Court finds the Report and Recommendation is due to be adopted as the opinion of the Court, except as it applies to

defendants Capital City Bank and Vorease Jones, as discussed below.

As stated in this Court's previous Orders, plaintiff is responsible for having the summonses properly served upon each defendant, along with a copy of the Third Amended Complaint.[1]  See Orders, Docs. 28, 35, 44, 47.  Plaintiff has been advised that sending "certified letter receipts" does not constitute proper service. See Order, Doc. 47.  On March 20, 2013, the Magistrate Judge entered an Order giving plaintiff one final opportunity to properly serve defendants pursuant to Federal Rule of Civil Procedure 4. See Doc. 82.  In that Order, the Court advised plaintiff that failure to properly serve defendants could result in the dismissal of this case for failure to prosecute.  On March 20, 2013, defendants Capital City Bank and Vorease Jones filed an answer with defenses but did not contest service of process. See Doc. 83.  On May 16, 2013, plaintiff filed forty (40) "certificates of service," each of which is a one page typed document signed by plaintiff stating "I hereby certify that this is a true and correct copy of the Foregoing that has been furnished by U.S. Mail to Clerk of Court or Hand Deliver On this 28 day of February 2013 Pursuant to FLA. R." See Docs. 98-137.[2]  These "certificates of service" do not constitute proper service of process upon any of the defendants.

---

[1] "Any person who is at least 18 years old and not a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).  "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).

[2] A few of the certificates are dated February 26 or March 3 and some omit the "Hand Deliver" reference.  None of those differences are material and none of the certificates reflect proper service of process.

A defense of insufficiency of process or insufficiency of service of process is waived if it is not raised by motion or included in a responsive pleading. See Fed. R. Civ. P. 12(h)(1). Thus, even if the service of process was improper, defendants Capital City Bank and Vorease Jones waived this defense when they filed their answer without raising this defense. See Vax-D Med. Techs., LLC v. Tex. Spine Med. Ctr., 485 F.3d 593, 597 (11th Cir. 2007). Therefore, this case will proceed as to these defendants.

However, with regard to the remaining defendants, the Court finds plaintiff's claims are due to be dismissed. Federal Rule of Civil Procedure 16(f) provides that the Court may on motion or on its own "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action or proceeding in whole or in part. In addition, Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where the plaintiff "fails to prosecute or to comply with these rules or a court order." Here, nearly 18 months after filing suit and despite having twice received the Court's Step-by-Step Guide (which explains in detail how to serve process) and numerous Orders directing plaintiff to demonstrate proper service (see Docs. 28, 35, 47, 82, 90), plaintiff has still failed to properly serve defendants. The Magistrate Judge therefore recommended that the case be dismissed for failure to demonstrate proper service in compliance with the Court's Orders and the Federal Rules of Civil Procedure.

Moreover, as stated in the Magistrate Judge's Report and Recommendation (Doc. 95), plaintiff's Third Amended Complaint challenges his convictions in Florida state court. See Doc. 26. Specifically, it appears plaintiff was convicted of attempted rape, failure to register as a sex offender, and uttering a forged instrument. Plaintiff asserts that he is

innocent of these charges, that he was deprived of due process of law and wrongfully imprisoned, and that his prosecution and conviction constitute fraud, malicious prosecution, a "hate crime," and reveals a conspiracy against him.  To the extent plaintiff attempts to assert claims of malicious prosecution or violations of his constitutional rights in the criminal proceedings leading to these convictions, as explained by the Magistrate Judge in his Report and Recommendation, such claims are barred by Heck v. Humphrey, 512 U.S. 477, 484, 486-87 (1994).  Thus, any future efforts to properly serve defendants would be futile because plaintiff's claims appear to be barred.[3]

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. 96) is **DENIED** and the Report and Recommendation of the Magistrate Judge (Doc. 95) is **ADOPTED** as the opinion of the Court, except as it applies to defendants Capital City Bank and Vorease Jones.

2. Plaintiff's case is **DISMISSED** without prejudice as to all defendants, except Capital City Bank and Vorease Jones, for failure to comply with the Court's Orders and to prosecute the case pursuant to Fed. R. Civ. P. 4(m) and 41(b), and Local Rule 3.10.

3. Plaintiff's Motion to Resubmit to Reserve the Right for Amendment and Compensation to Make Me Whole (Doc. 138), Motion for Hearing (Doc. 140), and Motion to Enforce Summons (Doc. 141) are **denied as moot**.

---

[3]The Court denied plaintiff's earlier request for court-appointed counsel.  See Orders, Docs. 7, 30, 33.  That decision is not a basis to recuse and plaintiff's motion that the assigned Magistrate Judge do so is denied (Doc. 97).

4

4. As to defendants Capital City Bank and Vorease Jones, their answer (Doc. 83) to plaintiff's amended complaint includes the defense that the case fails to state a claim. If these defendants wish to pursue this defense, they should do so by motion, which should be filed and served no later than **October 28, 2013**. Plaintiff may respond no later than **November 15, 2013**. If these remaining defendants elect not to file any motion by the deadline, the parties should confer and file a case management report (the form of which is available on the Court's website under the link for "judicial info") no later than November 15, 2013.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of October, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s (b).
Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

counsel of record

pro se plaintiff