UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD A. GREEN,

    Plaintiff,

v.                                                            Case No. 3:12-cv-134-J-32MCR

VOREASE JONES, CAPITAL CITY
BANK,

    Defendants.

## **ORDER**

This case is before the Court on Defendants Vorease Jones and Capital City Bank's Motion to Dismiss (Doc. 146) and Plaintiff Reginald A. Green's response thereto (Doc. 147). On January 17, 2014, the Court stayed proceedings pending the resolution of Green's notices of appeal. (Doc. 154.) The Eleventh Circuit has since dismissed both appeals for lack of jurisdiction, which orders were issued as mandates (Docs. 173, 174), and has denied the motion for reconsideration filed in the first appeal, Green v. State of Florida, No. 14-10289 (11th Cir. June 9, 2014). The stay is now due to be lifted, and the motion to dismiss is ripe for resolution. Upon review of the parties' submissions and the record in this case, the Court rules as follows.

**I.   BACKGROUND**

The Court need not recount the entire procedural history of this case, which is described more fully in earlier orders (see Docs. 95, 142, 154), but only the portions relevant to the motion to dismiss. The original complaint was filed on February 7,

2012.  (Doc. 1.)  The operative complaint is the third amended complaint (Doc. 26), filed on October 1, 2012.  At one point, Green had named forty-four different defendants (including public officials and institutions) related to his criminal convictions in Florida state court.  On October 9, 2013, the Court dismissed without prejudice his claims against all defendants except for Jones and Capital City for failure to comply with court orders and to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 3.10, due to his failure to properly serve the defendants.  (Doc. 142.)  Jones and Capital City remained because they had waived any defense of improper service by answering the complaint.  (Id. at 2-3.)  The Court did give Jones and Capital City until October 28, 2013 to present their defense for failure to state a claim in a motion to dismiss.  (Id. at 4-5.)

Jones and Capital City timely filed a two-paragraph motion to dismiss, pointing out that only one sentence in the complaint mentions them at all.  (Doc. 146.)  Jones and Capital City argue that, even taking such little information as true, the complaint does not provide adequate notice of any viable cause of action.  (Id.)

Green's response to the motion to dismiss repeats his earlier arguments regarding service of process on the defendants that the Court has rejected.  (Doc. 147 at 1-2.)  Somewhat more substantively, Green argues that Jones and Capital City violated some unidentified rules and regulations of the Federal Deposit Insurance Corporation and Capital City's own banking policies by allegedly signing checks and depositing them in his account without his knowledge or permission.  (Id. at 2.)

## II.     STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court disregards conclusory allegations of fact or law in the complaint, Burroughs v. Broadspire, 323 F. App'x 730, 731 (11th Cir. 2009) (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005)), but must accept as true all factual allegations and construe them in the light most favorable to the plaintiff, Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 89 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation omitted). "[A] complaint [does not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citation and quotation omitted). Whether a complaint gives reasonable

3

notice is a question of law.  Bejil v. Ethicon, Inc., 269 F.3d 477, 481 (5th Cir. 2001); Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997).

Because Green is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Koger v. Florida, 130 F. App'x. 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, 546 S. Ct. 1151 (2006). "This leniency, however, does not give the court a license to serve as de facto counsel for a pro se litigant . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  Gibbs v. Republic Tobacco, L.P., 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2010) (citations omitted).  Even with pro se litigants, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" under Rule 12(b)(6).  Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (citation omitted).

### III. ANALYSIS

It appears that Green is attempting to bring claims relating to his Florida state court criminal convictions.  Exactly what those claims are is unclear, however, particularly with respect to Jones and Capital City.  After referring to other convictions, the complaint alleges that Green was convicted in 2007 of uttering a forged instrument and was sentenced to seventeen months in prison.  (Doc. 26 at 5.) The paragraph immediately following those allegations, reproduced below, contains the only references in the complaint to either Jones or Capital City:

4

> While I was in prison the State Charged me with four more counts of Uttering Forged Instruments which attorney Bill Salmon represented me and did nothing. The State did no investigation again. ==Vercee Jones, manager of Capital City Bank admitted to processing the checks by signing my name and deposited them.== I asked the Court to have the State produce the evidence of my involvement. A Sergeant Brown of the City of Starke Police Department had intimate knowledge and testified on my behalf of my absolute innocence. He was fired from the city of Starke Police Department. There was a rumor that I would be killed in prison. My wife was very afraid and her health was failing her, she was dying. There were three attempts on my life in prison.

(Doc. 26 at 6 (emphasis added).)

These allegations are insufficient to put Jones and Capital City on notice of what causes of action they are supposed to defend against or what facts are alleged to support those claims. The Court has given Green a number of opportunities to address the deficiencies in his complaint. (See, e.g., Doc. 7, 16, 17, 24.) On this, his third attempt at amending his complaint, he still has not done so. The Court believes further attempts would be futile. Therefore, the motion to dismiss is due to be granted and the claims against Jones and Capital dismissed with prejudice.

Accordingly, it is hereby

**ORDERED**:

1. The stay entered in the Court's January 17, 2014 Order (Doc. 154) is lifted.

2. Defendants Vorease Jones and Capital City Bank's Motion to Dismiss (Doc. 146) is **GRANTED**. The claims in this case against the remaining defendants, Vorease Jones and Capital City Bank, are **DISMISSED with prejudice**. The Clerk should now close this case.

6

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies to:

Counsel of record

Pro se plaintiff